UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-64049-BEM |
| | ) | |
| ANGELIA THACKER COGLEY, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, Trustee for the | ) | |
| Estate of Angelia Thacker Cogley, | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| | ) | |
| V. | ) | |
| | ) | |
| TONYA LOGAN and DAVID LOGAN, | ) | |
| CHEROKEE COUNTY TAX | ) | |
| COMMISSIONER, | ) | |
| CHRISTY COGLEY, and | ) | |
| ANGELIA THACKER COGLEY, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION FOR AUTHORITY TO (I) SELL AT PUBLIC AUCTION PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF LIENS, INTERESTS, AND ENCUMBRANCES AND (II) DISBURSE CERTAIN PROCEEDS AT CLOSING**

COMES NOW S. Gregory Hays, as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Bankruptcy Estate**") of Angelia Thacker Cogley (the "**Debtor**") and files this *Motion for Authority to (I) Sell at Public Auction Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disburse Certain Proceeds at Closing* (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c) and 9014, other than in the ordinary course of business, and respectfully shows the Court as follows:

15516000v1

**Jurisdiction**

1.       This Court has jurisdiction to hear this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Sale Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.       Debtor filed a voluntary petition constituting an order for relief under Chapter 7 on August 21, 2018, initiating Case No. 18-64049-BEM (the "**Bankruptcy Case**").

3.       On or about August 22, 2018, Trustee was appointed to the Bankruptcy Case as interim Chapter 7 trustee under 11 U.S.C. § 701(a)(1).

4.       The original meeting of creditors was scheduled for September 25, 2018, pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**").  Debtor failed to appear at that time.  The 341 Meeting was rescheduled to October 23, 2018, at which time, the Trustee conducted and concluded the 341 Meeting, and thereafter, he became the permanent Chapter 7 trustee, under 11 U.S.C. § 702(d).

5.       At the commencement of the Bankruptcy Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case.  11 U.S.C. § 541(a)(1) and (7).

6.       Trustee is the sole representative of the Bankruptcy Estate.  11 U.S.C. § 323(a).

7.       The duties of Trustee include his obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1).

8.       Trustee filed his *Application to Appoint Attorneys for Trustee* [Doc. No. 11] on October 15, 2018, requesting an order authorizing the appointment of Arnall Golden Gregory LLP as attorneys for Trustee, and on October 17, 2018, the Court entered an order [Doc. No. 12] approving this application.

### a. The Property

9.       On her *Schedule A/B: Property* [Doc. No. 1 at page 15 of 75], Debtor scheduled her undivided one-half interest in that certain real property known generally as 461 (consisting of 321, 461 and 0) Reavis Mountain Road, Ball Ground Cherokee County, Georgia 30107 (the "**Property**").

10.      Debtor jointly owns the Property with Christy Cogley ("**Ms. Cogley**").

11.      On her *Schedule C: The Property Claimed as Exempt* [Doc. No. 1 at page 21 of 75], Debtor claimed an exemption in the Property in the amount of $10, 567.00 under O.C.G.A. § 44-13-100(a)(6).  Upon information and belief, the Property is not Debtor's residence.

### b. Alleged Liens, Interests, and Encumbrances on or against the Property

12.      On her *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1 at page 23-24 of 75], Debtor scheduled no claims on or against the Property.

13.      Trustee obtained a full title examination report of the Property dated November 1, 2018 (the "**Title Report**"), which reflected a *Deed to Secure Debt* dated February 4, 2009, in the original principal amount of $6,000.00 in favor of Tonya Logan and David Logan (the "**Logan Deed**").  The Logan Deed matured on November 4, 2010.  Upon information and belief, the Logan Deed has been fully satisfied and simply never cancelled of record.  Alternatively, the security interest granted through the Logan Deed reverted back to Debtor prior to the Petition Date under O.C.G.A. § 44-14-80.

15516000v1

14.     The Title Report reflect no other liens, interests or encumbrances on or against the Property, with the exception 2018, 2019 *ad valorem* real property taxes due the Cherokee County Tax Commissioner in the total amount of $6,675.61, plus the Estate's 2020 pro-ration based on 2020 tax bill in the amount of $3,847.68.

### c. Authority to Sell Co-Owned Property Under 363(h)

15.     On January 11, 2019, Trustee filed a *Complaint,* initiating adversary proceeding No. 19-05009-BEM, seeking among other things, to sell Ms. Cogley's interest in the Property.

16.     By virtue of a *Consent Order* [A.P. Doc. No. 9] and *Consent Final Judgment* [A.P. Doc. No. 10], entered by the Court on July 12, 2019, Trustee is authorized to sell Ms. Cogley's 50% interest in the Property by motion under 11 U.S.C. § 363(b) and (f), and the Estate and Ms. Cogley will each be entitled to one-half of the net sale proceeds, after payment of all costs of sale, including, without limitation, a reasonable broker's commission, all unpaid *ad valorem* taxes, water and sewer liens, and any other miscellaneous costs associated with the sale.

**Request for Authority to Sell the Property of the Bankruptcy Estate
Free and Clear of All Liens, Interests, and Encumbrances
Pursuant to 11 U.S.C. §§ 363(b) and (f)**

17.     Trustee filed *Trustee's Application to Employ Auctioneer* [Doc. No. 29] on August 29, 2020 (the "**Auctioneer Application**"), and the Court entered an *Order* [Doc. No. 30] on September 1, 2020, authorizing the employment of Bullseye Auction & Appraisal, LLC ("**Bullseye**") as Trustee's auctioneer to conduct a sale by public auction, for a ten percent (10%) commission of the gross sale price, plus reimbursement of any actual out-of-pocket expenses up to $750.00.  The Court entered an *Order* [Doc. No. 30] on September 1, 2020, granting the Auctioneer Application.

18.     Trustee proposes to sell the Property through a public auction conducted by

15516000v1

Bullesye to the highest and best bidder.  The auction is expected to occur within thirty (30) to

sixty (60) days after of this Court's order approving the Sale Motion.

19.    Trustee seeks authority from the Court to sell the Property "as is" and "where is."

The proposed sale of the Property is not in the ordinary course of business, as provided by 11

U.S.C. §363(b).  Trustee reserves the right to establish a minimum reserve sale price.

### Legal Analysis

20.    Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a

hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the

estate . . . ." 11 U.S.C. § 363(b)(1).  Section 105 of the Bankruptcy Code grants this Court the

authority to "issue any order, process, or judgment necessary or appropriate to carry out the

provisions of this title."  11 U.S.C. § 105(a).

21.    Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under

11 U.S.C. § 363(b) free and clear of any interest in such property if, among other things, the

price at which the property is to be sold is greater than the aggregate of the liens on such

property or with respect to interests that are in dispute.  11 U.S.C. § 363(f).  Specifically, that

code section provides:

> (f)  The trustee may sell property under subsection (b) or (c) of this section free and clear
>
> of any interest in such property of an entity other than the estate, only if-
>
> (1)    applicable nonbankruptcy law permits sale of such property free and clear
> of such interest;
> (2)    such entity consents;
> (3)    such interest is a lien and the price at which such property is to be sold is
> greater than the aggregate value of all liens on such property;
> (4)    such interest is in bona fide dispute; or
> (5)    such entity could be compelled, in a legal or equitable proceeding, to
> accept a money satisfaction of such interest.

*Id.*

15516000v1

.

22.     The proposed sale of the Property is one not in the ordinary course of business, as provided by 11 U.S.C. § 363(b).  Trustee can, under 11 U.S.C. § 363(f), sell the Property free and clear of all liens, claims, and encumbrances with any lien (to the extent valid, perfected, enforceable, and unavoidable) attaching to the proceeds of the sale with the same priority and extent as they had in the Property.

23.     With the exception of *ad valorem* real property taxes, Trustee does not believe that there are any liens or encumbrances against the Property.  Therefore, Trustee respectfully requests authority from the Court to sell the Property as provided by 11 U.S.C. §§ 363(b) and (f).

### Request for Authority to Disburse Certain Proceeds at Closing

24.     Trustee moves for authority to have all gross sale proceeds paid to him at closing and for authority to have paid at closing (a) all outstanding *ad valorem* real property taxes in the estimated amount of $6,675.61, (b) the Estate's 2020 pro-ration of *ad valorem* real property taxes; (c) any capital gains taxes (none anticipated); and (d) all other customary closing costs and all other costs necessary to close the sale of the Property.  All other distributions will be pursuant to further order of this Court.

25.     To the extent that funds are disbursed at closing by a party other than Trustee, such party shall be treated as Trustee's designated and authorized agent for disbursements.

### Other Relief Requested

26.     In addition, Trustee expressly reserves and does not waive his right to surcharge the Property and the proceeds thereof, to the extent it secures an allowed secured claim, for reasonable, necessary costs of preserving or disposing of the Property to the extent of any benefit to the holders of such secured claims under 11 U.S.C. § 506(c).

15516000v1

27. Trustee requests that the Court waive the stay of the Order approving the proposed sale as authorized under Federal Rule of Bankruptcy Procedure 6004(h).

WHEREFORE, Trustee prays that the Court enter an order (a) granting the Sale Motion; (b) authorizing Trustee (i) to sell the Property by public auction, and (ii) to disburse certain proceeds at closing; (c) waiving the fourteen (14)-day stay period pursuant to Rule 6004(h); and (d) granting such other and further relief as is just and proper.

Respectfully submitted this 16th day of September, 2020.

ARNALL GOLDEN GREGORY, LLP
*Attorneys for Trustee*

By:  */s/ Michael J. Bargar*
       Michael J. Bargar
       Georgia Bar No. 645709

171 17th Street, Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8500 / michael.bargar@agg.com

15516000v1

## CERTIFICATE SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that on this day I have caused to be served a copy of the foregoing *Motion for Authority to (I) Sell at Public Auction Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (II) Disburse Certain Proceeds at Closing* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by First Class Mail and/or Certified Mail, as indicated, to:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Scott Schwartz
Bullseye Auction & Appraisal, LLC
500 Pike Park Drive, Suite F
Lawrenceville, GA 30046

Sonya Little
Cherokee County Tax Commissioner
2780 Marietta Highway
Canton, GA 30114

Charles M. Clapp
Law Offices of Charles Clapp, LLC
5 Concourse Parkway, NE
Suite 3000
Atlanta, GA 30328

Angelia Thacker Cogley
383 Antioch Road
Fayetteville, GA 30215

Christy Cogley
1888 Highway 92 S
Fayetteville, GA 30215-5827

This 16th day of September, 2020.

/s/ Michael J. Bargar
Michael J. Bargar

15516000v1